IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL WHITE,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
DR. CALDWELL, and DR. BABICH,

    Defendants.

Case No. 23-cv-3681-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

    Plaintiff Randall White, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, White alleges that the defendants were deliberately indifferent to his need for medical care in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, White makes the following allegations: Since 2013, White has been diagnosed with supraventricular tachycardia ("SVT") and artificial fibrillation ("AFib") which causes rapid heart beat and heart rhythm issues (Doc. 1, p. 5). On July 5, 2022, White presented to Centralia's healthcare unit with symptoms of SVT/AFib, including dizziness, nausea, chest tightness, and rapid heart beat (*Id.*). An electrocardiogram ("EKG") confirmed White was in an episode of SVT/AFib and he was admitted to the healthcare unit for observation (*Id.*). On July 6, 2022, White met with Dr. Caldwell about his episodes of SVT/AFib (*Id.*). White informed Dr. Caldwell that his current medications were not controlling his condition and requested a medication change (*Id.*). Dr. Caldwell denied his request (*id.*).

On July 8, 2022, White spoke with a nurse and requested a doctor's appointment to discuss his heart condition. He also requested an appointment with a cardiologist (*Id.* at pp. 5-6). On August 20, 2022, White met with Dr. Babich, another physician at the prison (*Id.* at p. 6). He informed Dr. Babich that his current medications were not controlling his condition because he continued to have episodes of SVT/AFib (*Id.*). Dr. Babich refused to change his medications (*Id.*). Dr. Babich did, however, state that he would recommend White for a follow-up with a specialist (*Id.*).

White did not see a specialist in the months after his appointment with Dr. Babich. From October 12, 2022 through December 2022, he submitted nurse sick call requests for his heart condition but his requests were denied (*Id.* at p. 6). On October 31, 2022, he presented to the healthcare unit again complaining of rapid heartbeat and chest tightness.

2

An EKG confirmed that he was having an episode of SVT/AFib; his heart rate was 220 beats per minute (*Id*.). He was transported to St. Mary's hospital and admitted for treatment and observation (*Id*.). Doctors at St. Mary's instructed White to follow-up with his physician and cardiologist after his release (*Id*.).

White did not see a doctor at Centralia until January 10, 2023 (*Id*. at p. 7). He was not seen by a cardiologist until March 15, 2023 (*Id*. at p. 6). On April 13, 2023, he had another follow-up with the cardiologist who recommended he be referred to Dr. Saba, an electrophysiologist (*Id*.). On April 18, 2023, Dr. Myers approved the recommended referral but as of the date of White's Complaint, he had not yet seen Dr. Saba. White saw Dr. Caldwell again on March 28, 2023, but Dr. Caldwell refused to renew his low-bunk permit or his pain medication prescription.

White alleges that the lengthy delays in referring him to a specialist are due to Wexford Health Sources, Inc.'s policies and practices (*Id*. at p. 7). He alleges that Wexford has a policy or practice of basing referral approvals on the cost to Wexford rather than the medical need or pain of the inmate (*Id*.). He believes this policy is the reason for the delays in referring him to a cardiologist and to Dr. Saba (*Id*. at pp. 7, 12).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Caldwell and Dr. Babich for refusing to change White's medications and denying/delaying his access to a specialist.

3

> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining a policy and/or practice of denying and/or delaying referrals based on cost decisions rather than medical need.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, White states a viable deliberate indifference claim against Dr. Caldwell and Dr. Babich in Count 1 for refusing to change his medication and for delaying and/or denying his referral to a specialist for his heart condition. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

White also states a claim against Wexford in Count 2 for its cost-saving policies. To the extent White also alleges that Wexford's employees provided inadequate care to him, he fails to state a claim. Wexford cannot be liable for the actions of its employees because *respondeat superior*, or supervisor, liability does not apply to Section 1983 actions. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). White can only proceed on his claim that Wexford's policies and practices led to his denial and/or delay in care. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Caldwell and Dr. Babich. Count 2 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants Dr. Caldwell, Dr. Babich, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by White. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. White's motion for service of process at government's expense (Doc. 3) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by White, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against White, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, White is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/5/2024**

*/s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**